

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~RD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 19, 1939

Mr. Claude A. Williams
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-605
Re: Under what statutes is the
Secretary of State authorized
to sanction the creation of
two soil and water conservation
associations described?
If authorized, what filing fee
should be charged and would the
associations be exempt from
payment of franchise taxes?

Your request for an opinion on the above stated questions
has been received by this office.

Article 3 of each proposed articles of incorporation
of the Upper Brady Creek Soil and Water Conservation Association
and The Warlupe Soil and Water Conservation Association indicate
that it is the desire of the incorporators to incorporate under
the provisions of the Cooperative Marketing Act. Title 93, Arti-
cle 5737-5764, inclusive.

Article 5740, Revised Civil Statutes, reads as follows:

"An association may be organized to engage in
any activity in connection with the marketing or
selling of the agricultural products of its mem-
bers, or with the harvesting, preserving, drying,
processing, canning, packing, storing, handling,
shipping, or utilization thereof, or the manufac-
turing or marketing of the by-products thereof; or
in connection with the manufacturing, selling or
supplying to its members of machinery, equipment
or supplies; or in the financing of the above enu-
merated activities; or in any one or more of the
activities specified herein. Provided, however,
any such activity may extend to non-members and
their products limited by Article 5738 as hereto-
fore amended."

Article 2 of the proposed articles of incorporation of each of the above mentioned associations are identical except the names of the associations and read as follows:

"The purposes for which the Warlupe Soil and Watershed Association, is organized, is to engage in the conservation of soil and the storage of water, and the prevention of distructive floods. To construct tanks, reservoirs, lakes, ponds, and to engage any and all activities that will assist and further the district in the accomplishment, of soil building, water conservation, and flood control, and to accomplish these purposes to work co-operatively other conservation districts agencies, Counties and authorities and powers engaged in similar practices."

We do not think that any of the purposes outlined in the purpose clauses of these two proposed associations authorize the creation and incorporation of these associations under the Cooperative Marketing Act. (Ch. 8, Title 93, R. C. S.)

Article 1302, Revised Civil Statutes, sets forth and specifies the purposes for which private corporations may be formed or created, however, this statute does not provide for the creation or formation of a corporation for the purposes as set forth in the purpose clauses of the above mentioned proposed corporations.

After a careful search of the statutes, we have been unable to find any statutory provision authorizing associations with the purposes expressed by these two associations to be incorporated.

You are respectfully advised that it is the opinion of this Department that the statutes of this state do not authorize or provide for the creation or formation of corporations for the purposes as set forth in the proposed articles of incorporation submitted with your inquiry.

Trusting that the foregoing answers your inquiry, we remain

APPROVED:
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams
Assistant

AW:AW:LM